Filed 5/7/26  P. v. Sharp CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B348341 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA133523) |
| v. | |
| ISAIAH BERNARD SHARP, | |
| Defendant and Appellant. | |

Isaiah Bernard Sharp (defendant) appeals from the judgment of conviction by plea, arguing that the trial court abused its discretion in denying his pre-plea motion for mental health diversion (Pen. Code, § 1001.36).[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On January 22, 2026, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating

___

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

any grounds or argument he might wish to have considered. That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

On August 8, 2023, defendant was staying at the home of his aunt, Vernell Charles, and her husband, Brian Cochran. At approximately 3:00 a.m., defendant appeared at the doorway to their bedroom and stated that he could not sleep, then he ran from the room. Later that morning, while Charles was in the restroom, she heard sounds of a struggle coming from the bedroom. Upon investigating, she observed defendant making stabbing motions toward Cochran, who was lying in bed. Defendant then struck Charles in the face before she fled and locked herself in the bathroom. Defendant continued to assault Cochran and subsequently exited the residence. When law enforcement officers arrived, defendant was seated outside and told them that he had stabbed his uncle. Cochran sustained multiple stab wounds requiring two surgeries to remove his spleen, repair a punctured lung, and repair his clavicle.

The People charged defendant with (1) attempted premeditated murder (Pen. Code, §§ 187, subd. (a), 664), (2) assault with a deadly weapon (§ 245, subd. (a)(1)), and (3) battery (§ 242). As to the attempted murder count, the People alleged that defendant personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

On August 9, 2024, defendant filed a motion seeking mental health diversion under section 1001.36. The trial court conducted a hearing on defendant's motion, noted its concern for public safety, and recommended defendant be evaluated for

2

possible placement in the Office of Diversion and Reentry (ODR) program.  The court, however, declined to rule on the motion at that time.

On April 3, 2025, after reviewing a new diversion report, the trial court formally denied the motion for mental health diversion finding that defendant posed an "unreasonable risk" to the "victims and the community."

On August 18, 2025, defendant pled no contest to attempted murder, and in accordance with the plea agreement, the trial court sentenced defendant to 13 years in state prison, comprised of the high term of nine years for the attempted murder, plus a consecutive three-year term for the great bodily injury enhancement, and a one-year term for the deadly weapon enhancement.

Defendant filed a timely notice of appeal.

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
KIM (D.)